```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/10/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                     Plaintiff,

     -against-

MICHAEL CETTA, INC. d/b/a SPARKS
STEAKHOUSE, INC.,

                     Defendant.
------------------------------------------------------------ x

09 Civ. 10601 (BSJ) (RLE)

## CONFIDENTIALITY STIPULATION AND ORDER

The parties hereto, each by their respective counsel, hereby enter into this Confidentiality Stipulation and Order (the "Stipulation") respecting documents and other confidential information produced and/or exchanged in connection with the above-captioned action (the "Action") as follows:

1. As used herein, "Producing Party" shall mean the parties to this Action and/or any non-party producing Confidential Information in connection with document production, depositions, or otherwise, or the party asserting the confidentiality privilege, as the case may be.

2. As used herein, "Receiving Party" shall mean the parties to this Action and/or any non-party receiving Confidential Information in connection with document production, depositions, or otherwise.

3. As used herein, "Confidential Information" shall mean any information (in written, oral, or other form) designated by the Producing Party as Confidential Information.

The party making the designation of Confidential Information shall do so only after a good faith determination that the material contains: (a) trade secrets or other commercial information of a non-public nature considered by the designating party to be sensitive or proprietary; (b) other competitively sensitive or proprietary research, analysis, development, marketing, financial or commercial information; (c) information identified in Rule 5.2(a) of the Federal Rules of Civil Procedure, and other similar or private information (including, but not limited to, personal identification information, medical information, and other information subject to protection under various laws and regulations regarding privacy).

4. A Producing Party may designate information as Confidential Information (a) by marking the first page of a document (or any copy of that document) "Confidential"; (b) by providing written notice to counsel for the Receiving Party that a document (or part of a document), or other information is "Confidential"; or (c) by stating on the record during an oral deposition that a statement is "Confidential."

5. A Receiving Party may, at any time, notify the Producing Party that it does not concur in the designation of a document or other material as Confidential Information. If the Producing Party does not agree to declassify such document or material, the Producing Party may move for an order classifying those documents or materials as Confidential Information. If no such motion is filed, such documents or materials will not be treated as Confidential Information. If such motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise.

6. Any information designated as Confidential Information that may be produced in documentary form, as an oral statement, or in any other form (a) will be disclosed only to the individuals identified in paragraph 8(a)-(h) of this Stipulation; and (b) shall not be published to

the public in any form by the Receiving Parties or their counsel or by the individuals identified in paragraph 8(a)-(h) except as specifically set forth in paragraph 11 hereof.

7.  EEOC may use any information designated confidential in furtherance of its enforcement activities in which the Defendant in this Action is the Respondent in an EEOC investigation. EEOC may also use any information designated confidential in other litigation in which the Defendant in this Action is the same, to the extent that the information is discoverable in the other matter. EEOC agrees the use of any information designated confidential in this matter will be subject to the confidentiality protections set forth in this Agreement, unless the parties enter into a stipulated confidentiality agreement with regard to such other action -- in which event the use of the information will instead be subject to that order or agreement.

8.  Use of information designated as Confidential Information shall be restricted to the following persons:

   a.  Attorneys for the parties to this Action and employees or agents of such attorneys to whom it is necessary that the information be disclosed for the purposes of this Action;

   b.  Personnel of the parties actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

   c.  Independent persons (including independent accountants, statisticians, economists, or other technical experts) retained by the parties to this Action, or by their attorneys, solely for the purpose of assisting in the preparation of this Action, if furnished, shown, or disclosed in accordance with paragraph 8 hereof;

3

  d. An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with paragraph 10 hereof;

  e. Deposition or trial witnesses if furnished, shown or disclosed in accordance with paragraph 10 hereof;

  f. The Court and Court personnel, if filed in accordance with paragraph 11 hereof; and

  g. Other persons as may be authorized by the Court.

  h. Any other witnesses with knowledge or information relating to the claims or defenses of this Action.

  9. Before any disclosure of Confidential Information is made to any independent persons pursuant to paragraph 8(c) hereof, counsel for the Receiving Party shall obtain the person's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by the terms of the Stipulation.

  10. This Stipulation shall not preclude counsel for a Receiving Party from using during any deposition in this Action any documents or information that have been designated as Confidential Information under the terms hereof. Any stenographic reporter who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Stipulation and shall execute the form attached hereto as Exhibit A.

  11. If a party seeks to file with the Court any information that has been designated as confidential under this Order that is not subject to redaction under Federal Rule of Civil Procedure 5.2, it will give the other parties reasonable notice of its intention to file the information with the Court to enable a party to seek a protective order.

12. A party may designate as Confidential Information subject to this Stipulation any documents produced or given by any non-party to this case, or any portion thereof, by notifying all counsel in writing of those documents which are to be stamped and treated as Confidential Information at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the party asserting the confidentiality privilege. Prior to the expiration of such fifteen (15) period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Confidential Information. Any objection to a confidential designation will be made in accordance with the provisions of paragraph 5 of this Agreement.

13. A party that wants to treat a portion of deposition testimony as confidential must do so by stating on the record at the deposition that it wants to do so and by specifically identifying those portions of the testimony that it wants to be treated as confidential or must, within 15 days after receiving the transcript of the deposition, send a letter to the attorney for the other party specifying those portions of the deposition testimony that it wants to be treated as confidential, and must specify one or more of the bases enumerated in paragraph 3 for confidential treatment.

14. Extracts and summaries of Confidential Information shall also be treated as Confidential Information in accordance with the provisions of this Stipulation.

15. Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "confidential" nature as provided in paragraph 4 of this Stipulation, may be so designated by the Producing Party by written notice to the Receiving Parties identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced

without such designation. Any inadvertent disclosure of Confidential Information shall not be deemed a waiver in whole or in part of the Producing Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or as to the same or related subject matter.

16. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

17. Nothing shall prevent disclosure beyond the terms of this Stipulation in the event that a Producing Party provides prior written consent for such disclosure.

18. Within sixty (60) days after the conclusion of this Action, the originals and reproduction of any documents produced in connection with the Action and designated as Confidential Information shall either be returned to the Producing Party, or the Receiving Party shall certify to the Producing Party that such documents have been destroyed, provided that counsel for the Receiving Party shall be entitled to retain one copy for their files of any material filed with the Court, subject to the continued protections of this Stipulation.

19. Nothing in this Stipulation shall be construed to prohibit a Receiving Party from producing Confidential Information in its possession to any governmental body, self-regulatory organization or investigative agency or pursuant to a subpoena issued by any court, administrative or legislative body; provided, however, that in the event any Receiving Party receives any such governmental request to disclose information designated as Confidential Information, that Receiving Party shall, as soon as reasonably practicable, notify the Producing Party that such disclosure has been sought.

20. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

21. Parties agree that they will attempt to decide upon a different mechanism for the treatment of confidential information at trial if necessary. The mechanism for treatment of this information at trial will be determined by the parties at a later point.

22. This Stipulation may be executed in counterparts, each of which shall be deemed to constitute one and the same instrument. Facsimile, photocopy or other portable document format ("pdf") signatures shall be accepted as originals for all purposes under this Stipulation.

STIPULATED TO:

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
33 Whitehall St.
New York, NY 10004

Elizabeth Grossman
Regional Attorney

*/s/ Nora E. Curtin*
Nora E. Curtin
Supervisory Trial Attorney
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004
Telephone No.: 212-336-3747
Facsimile No.: 212-336-3623
Email Address: Nora.Curtin@eeoc.gov

DUVAL & STACHENFELD LLP

*/s/ Allan N. Taffet*
Allan N. Taffet, Esq.
101 Park Avenue, Eleventh Floor
New York, New York 10178
(212) 883-1700

BERKE-WEISS & PECHMAN LLP

*/s/ Louis Pechman*
Louis Pechman, Esq.
488 Madison Avenue, 11th Floor
New York, New York 10022
(212) 583-9500
Email Address:

SO ORDERED this 10th day of June, 2010

*/s/ Barbara S. Jones*
HON. BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

8